Filed 6/7/22 Sourdough & Co. v. GSD Foods CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| SOURDOUGH & CO., INC., et al., | C092935 |
| Cross-complainants and Respondents, | (Super. Ct. No. 34-2020-00278298-CU-BT-GDS) |
| v. | |
| GSD FOODS, INC., et al., | |
| Cross-defendants and Appellants. | |

This case arises out of a business dispute between several parties to licensing agreements to operate sandwich restaurants under the trademark "Sourdough & Co." We are presented with the question of whether a cause of action for fraud and deceit, raised in a cross-complaint, is subject to an anti-SLAPP motion under Code of Civil Procedure

1

section 425.16.[1]  The trial court denied the anti-SLAPP motion filed by GSD Foods, Inc., Davinder Singh, Powerglide Holdings, LLC, Kaldeep Uppal, and SD-Folsom, Inc. (collectively GSD) to strike the cause of action for fraud and deceit in a cross-complaint filed by Sourdough & Co, Inc., SFSE of EDH, Inc., Lowell Steven Presson, R. Gordon Ross, and David Bagley (collectively Sourdough).  The trial court reasoned that the claim for fraud and deceit related to statements inducing Sourdough to enter the agreements rather than to any protected activity related to the right of access to the courts.

On appeal, GSD contends (1) the cause of action for fraud and deceit relates to protected activity because the claim focuses on GSD's litigation position, (2) Sourdough did not show a probability of prevailing on its fraud and deceit claim, and (3) GSD should be awarded its attorney fees because it should have prevailed on the anti-SLAPP motion.

We conclude that the trial court properly denied the anti-SLAPP motion.  The cause of action for fraud and deceit relates to the making of agreements between the parties rather than to the subsequent litigation.  Having concluded that GSD did not meet its burden to show that the claim arose out of protected activity, we do not need to consider the second prong of the anti-SLAPP analysis – namely whether Sourdough demonstrated a probability of prevailing on its claim.  We also do not need to consider GSD's claim that it should have received attorney fees based on its contention that it should have prevailed on the anti-SLAPP motion.  Accordingly, we affirm.

---

[1]    "Anti-SLAPP" refers to the procedural vehicle provided by Code of Civil Procedure section 425.16 to strike legal actions intended as a "strategic lawsuit against public participation." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 57.)  Undesignated statutory references are to the Code of Civil Procedure.

## FACTUAL AND PROCEDURAL HISTORY

The complaint filed by GSD alleges the following: Sourdough operates a franchising entity for the operation of fast-casual sandwich shop restaurants. In April 2016, Surender Hora entered into an agreement with Sourdough to use certain trademarks and " 'trade secret recipes' " for a sandwich shop. Hora subsequently assigned her interest in the agreement to GSD with the consent of Sourdough. GSD opened a sandwich shop in Elk Grove under the agreement. GSD then paid approximately 4 percent of gross sales to Sourdough.

In September 2016, Davinder Singh entered into three agreements with Sourdough. These agreements contemplated sandwich shops in Sacramento, Davis, and Vacaville under the Sourdough trademarks. Singh assigned his interest in the agreements with the consent of Sourdough to Powerglide Holdings, LLC (Powerglide). Powerglide then opened and operated the sandwich shops in Sacramento, Davis, and Vacaville. Powerglide paid approximately 5 percent of gross sales to Sourdough.

In March 2017, Kaldeep Uppal entered into an agreement with Sourdough to operate sandwich shops in Rocklin, Chico, and another undetermined location. Uppal assigned his interest in the agreement to SD Folsom, Inc. (SD Folsom). SD Folsom opened a sandwich shop in Folsom and paid approximately 4 percent of gross sales to Sourdough.

Sourdough controlled the supply of ingredients and training programs for each of the operators of the sandwich shops in this case. Sourdough imposed an additional 1.5 percent fee on gross revenues for a marketing fund used by Sourdough for advertising. And, Sourdough controlled all of the prices on the menus in the sandwich shops operating under the agreements in this case.

Despite having the hallmarks of a franchisor/franchisee relationship, Sourdough did not comply with required disclosures. Sourdough required purchase of inferior products and violated California franchise laws in additional ways. These alleged facts

3

led to the filing of a complaint by GSD for violations of the Franchise Investment Law (Corp. Code, § 31000 et seq.), the Cartwright Act (Bus. & Prof. Code, § 16700 et seq.), unfair business practices, fraud, and breach of the implied covenant of good faith and fair dealing. The gravamen of GSD's complaint was that Sourdough "concocted a scheme to sell fraudulent, unregistered franchises under the guise of purported trademark licensure."

Sourdough responded by filing a cross-complaint against GSD that alleged two causes of action: for breach of contract and for fraud and deceit. The cause of action for fraud and deceit is the focus of this appeal. GSD filed an anti-SLAPP motion to strike the cause of action for fraud and deceit. GSD argued that it was entitled to anti-SLAPP relief because the cross-complaint focused on GSD's " 'positions in this lawsuit.' " Sourdough opposed the motion.

The trial court denied the anti-SLAPP motion on the ground that the cross-complaint did not arise out of protected activity. The trial court rejected GSD's argument that the gravamen of the fraud and deceit claim focused on statements made in a judicial forum, finding that the cross-complaint "expressly alleges that each representation was made '[a]t the time each Cross-Defendant executed their respective license agreement(s).' " The trial court further found that "[t]here are no allegations in the [cross-complaint] or evidence that the statements were made 'preparatory to or in anticipation of the bringing of an action.' "

From the order denying the anti-SLAPP motion, GSD timely filed a notice of appeal.

## ANTI-SLAPP ANALYSIS

Section 425.16 provides, in pertinent part, that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the

4

plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) The California Supreme Court has explained that " 'section 425.16 sets out a procedure for striking complaints in harassing lawsuits that are commonly known as SLAPP suits . . . , which are brought to challenge the exercise of constitutionally protected free speech rights.' (*Kibler v. Northern Inyo County Local Hospital Dist.* (2006) 39 Cal.4th 192, 196.) A cause of action arising from a person's act in furtherance of the 'right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability' that the claim will prevail. (Code Civ. Proc., § 425.16, subd. (b)(1).) 'The anti-SLAPP statute does not insulate defendants from any liability for claims arising from the protected rights of petition or speech. It only provides a procedure for weeding out, at an early stage, meritless claims arising from protected activity.' " (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788, italics omitted (*Monster Energy*).)

When presented with an anti-SLAPP motion, a trial court must engage in a two-step analysis. First, the trial court considers whether a defendant has established that the gravamen of the complaint challenges activity protected by section 425.16. (*Monster Energy, supra,* 7 Cal.5th at p. 788.) If the defendant establishes that the complaint relates to protected activity, the second step requires the trial court to consider whether the plaintiff can satisfy the burden of showing that there is a probability of success on the merits of the causes of action in the complaint. (*Ibid.*)

The California Supreme Court has described " 'this second step as a "summary-judgment-like procedure." [Citation.] The court does not weigh evidence or resolve conflicting factual claims. Its inquiry is limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment. . . .' (*Baral* [*v. Schnitt* (2016)] 1 Cal.5th [376,] 384-385, fn. omitted.) . . . As to the second step, a plaintiff seeking to demonstrate the merit of the

5

claim 'may not rely solely on its complaint, even if verified; instead, its proof must be made upon competent admissible evidence.' " (*Monster Energy, supra*, 7 Cal.5th at p. 788, quoting *San Diegans for Open Government v. San Diego State University Research Foundation* (2017) 13 Cal.App.5th 76, 95.) We apply the independent standard of review to the trial court's ruling on the anti-SLAPP motion. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325.)

## DISCUSSION

GSD argues that the cross-complaint filed by Sourdough seeks to chill the right of petition by alleging a cause of action for fraud and deceit that focuses on GSD's position in the ligation. Specifically, GSD focuses on the allegations contained in paragraph 16 of the cross-complaint. Upon examining the claim for fraud and deceit, we reject GSD's argument.

### A.

### *GSD's Claim for Fraud and Deceit*

To assess GSD's argument about the gravamen of Sourdough's claim, we examine that actual language in the cross-complaint. In pertinent part, the cross-complaint states:

"13. At the time [GSD] executed their respective license agreement(s) they represented to [Sourdough] (as Licensor) that they were aware that the license agreement was not a franchise, was not intended to be a franchise, and that Licensor may subsequently seek to obtain franchise rights in the future (see section 2.2). [¶] . . . [¶]

"15. At the same time, [GSD] represented to [Sourdough] that they intended nothing in the agreements to be subject to any franchise or similar law, rule, or regulation, to which it would not otherwise be subject, of the state where the Restaurants are located or of the State of California. They further represented and warranted the following:

"Licensee represents and warrants that he/she/it has been represented by a licensed California attorney of its choice (__[e.g., MICHAEL BARETT]___) with respect to the

6

negotiation and drafting of this Agreement and under guidance of said counsel has made its own determination that this Agreement complies with all applicable provisions of California law, including without limitation Corporations Code §§ 31000, et seq.

"16. The foregoing representations were false, and [GSD] have taken positions in this lawsuit in direct contravention of their representations and warranties, all to the damage and detriment of Cross-Complainant, subject to proof at trial.

"17. [Sourdough] reasonably relied on the foregoing representations and warranties made by the Cross-Defendants, and would not have entered into the license agreements in the absence of such representations and warranties." (Underscoring omitted.)

GSD focuses on paragraph 16 of the cross-complaint in asserting that the cause of action for fraud and deceit is subject to an anti-SLAPP motion.

**B.**

### *The Gravamen of Sourdough's Claim of Fraud and Deceit*

In assessing the merits of GSD's argument about the cause of action for fraud and deceit, we do not read paragraph 16 of the cross-complaint in isolation. Instead, we review the entirety of the cross-complaint to assess the gravamen of the claim. (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89 (*Navellier*).) "In order for a complaint to be within the anti-SLAPP statute, the 'critical consideration is whether the cause of action is *based on* the defendant's protected free speech or petitioning activity.' (*Navellier*[, *supra*,] 29 Cal.4th [at p.] 89.) To make that determination, we look to the 'principal thrust or gravamen of the plaintiff's cause of action.' " (*Moriarty v. Laramar Management Corp.* (2014) 224 Cal.App.4th 125, 133-134, quoting *Martinez v. Metabolife Internat., Inc.* (2003) 113 Cal.App.4th 181, 188.)

Based on our review of the cause of action for fraud and deceit, we conclude that that the trial court correctly denied the anti-SLAPP motion because the claim does not arise out of protected activity. The gravamen of the claim is based on GSD's conduct at

7

the time that the licensing agreements were made. The cross-complaint introduces the cause of action as occurring "[a]t the time [GSD] executed their respective license agreement(s)." The next paragraph emphasizes that the focus of the claim occurred "[a]t the same time," namely when the parties entered their agreements. The claim concludes by asserting that Sourdough reasonably relied on representations and warranties made by GSD in entering the agreement. There is no dispute that the parties entered their agreements as a business transaction and not in contemplation of litigation. Thus, the claim for fraud and deceit does not relate to the right of petition and therefore is not subject to an anti-SLAPP motion.

We are not persuaded by GSD's reliance on a portion of paragraph 16 to contend that the cause of action seeks to chill GSD's right of petition. Paragraph 16 asserts the necessary element of falsity that Sourdough needs to prove in order to establish a claim of fraud and deceit. (*Lesperance v. North American Aviation, Inc.* (1963) 217 Cal.App.2d 336, 345.) Paragraph 16 also contains information about GSD's position in the litigation, which Sourdough contends is different from the positions espoused in the agreements. This *additional* information supports the claim inherent in any assertion of fraud, namely that a party made representations that it knew to be incorrect or false. This additional information about GSD's position in the litigation does not render the claim one *based* on the litigation.

Reading the cause of action as alleged in the cross-complaint compels the conclusion that the principal thrust of the claim for fraud and deceit is GSD's conduct and intention in entering the agreements, not in advancing legal claims in its complaint. "A claim arises from protected activity when that activity underlies or forms the basis for the claim. ([*City of*] *Cotati* [*v. Cashman* (2002)] 29 Cal.4th [69,] 78.) [The] complaint ultimately defines the contours of the claims." (*Bel Air Internet, LLC v. Morales* (2018) 20 Cal.App.5th 924, 936.)

8

We are not convinced by GSD's assertion that "[Sourdough's] analysis suffers from a fatal defect, however, because a tort is not 'actionable' until all of its elements, including damages, are in place." (Italics omitted.) The flaw in this assertion is that it assumes that Sourdough's allegation of damages is predicated on GSD's litigation position. Instead, the cross-complaint's second cause of action indicates that the damages arise out of representations made by GSD at the time of signing when GSD did not intend to abide by the representations. Consistent with this theory, the cross-complaint's first cause of action focuses on breaches of the agreements occurring before the litigation commenced.

This case differs from the facts presented in *Navellier*. In *Navellier*, the focus of the claim, which was subject to the anti-SLAPP statute, was the allegation that a breach of contract was committed "by filing counterclaims" in a federal action. (*Navellier, supra*, 29 Cal.4th at p. 87.) The gravamen of the claim in *Navellier* directly related to protected action – the filing of a claim – and was therefore subject to an anti-SLAPP motion. (*Ibid.*) Here, by contrast, the claim for fraud and deceit pertains to the parties entering agreements to operate sandwich shops. *Navellier* does not support GSD's argument.

GSD acknowledges that paragraphs 13 through 15 do not relate to protected activity. These paragraphs carry the principal thrust of the claim, namely that Sourdough was deceived by GSD into entering agreements to do business that Sourdough would not have entered if GSD would have been honest. Because this does not relate to protected activity, the claim is not subject to an anti-SLAPP motion.[2]

---

[2] Our conclusion that the trial court properly determined that the cause of action for fraud and deceit does not arise out of protected activity obviates the need to consider the second prong of the anti-SLAPP analysis regarding whether Sourdough demonstrated a probability of prevailing on its claim. We also do not need to consider GSD's argument that a reversal would entitle it to attorney fees under the anti-SLAPP statute.

9

## DISPOSITION

The order denying the anti-SLAPP motion is affirmed. Cross-complainants Sourdough & Co, Inc., SFSE of EDH, Inc., Lowell Steven Presson, R. Gordon Ross, and David Bagley shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

      /s/
      HOCH, J.

We concur:

/s/
ROBIE, Acting P. J.

/s/
RENNER, J.